JMBM Jeffer Mangels Butler & Marmaro LLP

PRINTED ON
RECYCLED PAPER

David M. Poitras, P.C. (CA Bar #141309)
Dan P. Sedor, P.C. (CA Bar #139091)
**JEFFER MANGELS BUTLER & MARMARO LLP**
1900 Avenue of the Stars, Seventh Floor
Los Angeles California 90067-4308
Tel. (310) 203-8080
Fax (310) 203-0567
Email: dpoitras@jmbm.com

Christopher C. Simpson (#018626)
**STINSON MORRISON HECKER LLP**
1850 N. Central Avenue, Suite 2100
Phoenix, Arizona 85004-4584
Tel: (602) 279-1600
Fax: (602) 240-6925
Email: csimpson@stinson.com

Attorneys for Bradley D. Sharp, Chapter 11
Trustee of the Bankruptcy Estate of the Namco
Capital Group

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re<br><br>NAMWEST, LLC., *et al.*,<br><br>   Debtors. | Chapter 11<br><br>Jointly Administered Under<br>Case No. 2:08-bk-13935-CGC<br><br>Adversary No. 2:08-ap-00860-CGC |
| NAMWEST, LLC; NAMWEST-TOWN LAKES II, L.L.C.,<br><br>   Plaintiffs,<br><br>  v.<br><br>NAMWEST-TOWN LAKES, LLC; THEODORE KOHAN; ARIZONA TEMPE TOWN LAKE, L.L.C., a Delaware limited liability company; and BUSINESS TO BUSINESS MARKETS, INC., a California corporation,<br><br>   Defendants. | **PRELIMINARY OPPOSITION OF BRADLEY D. SHARP, CHAPTER 11 TRUSTEE OF THE ESTATE OF NAMCO CAPITAL GROUP, INC. TO APPLICATION FOR TEMPORARY RESTRAINING ORDER AND MOTION FOR PRELIMINARY INJUNCTION**<br><br>**Hearing Date:  November 17, 2009**<br>**Hearing Time:  1:30 p.m.**<br>**Location:    Courtroom #601**<br>          **230 N First Ave**<br>         **Phoenix AZ 85003** |

DB03/./9294524.1

Bradley D. Sharp (the "Trustee"), the duly appointed and acting Chapter 11 Trustee for Namco Capital Group, Inc. ("Namco"), submits this memorandum in opposition to the Application for Temporary Restraining Order and Motion for Preliminary Injunction (the "TRO Application") brought by Theodore Kohan, Arizona Tempe Towne Lake, LLC and Business to Business Markets, Inc. (collectively, "Kohan").

**I.     There Is No Factual Or Legal Basis For The Requested Injunctive Relief.**

Kohan has no standing to seek the relief sought by the TRO Application. Only the debtors Namwest, LLC ("Namwest") and Namwest-Town Lakes II, LLC ("NTL II") (collectively, the "Debtors") in these bankruptcy cases have standing to seek such relief. The Debtors do not seek such relief and in fact, the Debtors have a pending global settlement with Roya Boucherian (the "NTL II Settlement"),[1] the conclusive effect of which settlement makes it clear that even if Kohan had standing to seek the relief sought by the TRO Application, there is no factual or legal basis to on which to grant the extraordinary relief sought by the TRO Application.

By the TRO Application, Kohan seeks to enjoin the Trustee's foreclosure (the "Foreclosure") of property not owned by the Debtors, the "Club Rio Property," which property secures a defaulted $2,780,000 loan from Namco to non-debtor Namwest-Town Lakes, LLC ("NTL"), pursuant to a promissory note and deed of trust dating back to 2004, that clearly give the Trustee the right to conduct the Foreclosure. However, in light of the settlement described below, the Trustee will voluntarily forbear from going forward with the Foreclosure until this Court rules on the motion for approval of the NTL II Settlement (or other further order of this Court), because the NTL II Settlement will accomplish the following, among other things:

- <u>Dismissal of This Adversary Case</u>. The Debtors will move for an order permitting the voluntary dismissal of this adversary proceeding, in which the Debtors have previously asserted that they possess an option to purchase the Club Rio Property (the "Club Rio Option"), because pursuant to the NTL II Settlement, the Debtors stipulate that the Club Rio Option is not enforceable and they will abandon it;

---

[1] The Trustee understands that a hearing date on a motion for approval of the NTL II Settlement has been reserved for December 10, 2009 at 11:00 a.m., that the motion will be filed shortly if it has not been filed already, and that the parties have agreed to the settlement terms.

1

DB03/./9294524.1

- <u>Dismissal of the NTL II Adversary Case</u>.  (a) The Debtors will move for an order permitting the voluntary dismissal of Adversary Case no. 2:08-ap-00926-CGC, the dispute between the Debtors and Boucherian regarding the extent of Boucherian's security interests in the Debtors' properties, (b) the Debtors will voluntarily dissolve the existing TRO in that adversary proceeding preventing Boucherian from foreclosing on her claimed security interests, and (c) the parties will mutually release each other for all claims; and

- <u>Sale of NTL Membership Interest</u>.  Namwest will sell to Boucherian 100% of its rights and interest in NTL II.

In sum, pursuant to the NTL II Settlement, the Debtors stipulate that the Club Rio Option is unenforceable for purposes of settlement, which determination requires that this adversary proceeding be dismissed.  This adversary proceeding is a declaratory relief action for a judicial determination that the Club Rio Option exists between the Debtors and NTL and is enforceable. As the Debtors have stipulated to abandon the Club Rio Option, subject to Court approval, such is no longer the case. Accordingly, this adversary proceeding should be dismissed upon Court approval of the NTL II Settlement. Moreover, the Debtors' global settlement with Boucherian settles out all claims and causes of action in the NTL II Adversary Case, and the Debtors and Boucherian have agreed to dissolve the stipulated injunction in that adversary proceeding, which settlement resolves all issues in that adversary proceeding.  Accordingly, the NTL II Adversary Case should be dismissed upon Court approval of the NTL II Settlement. Even if Kohan had standing to pursue the relief requested by the TRO Application, which he does not, and even if there were a legal or factual basis to support the relief requested by the TRO Application, which there is not,[2] the dismissals of the two pertinent adversary proceedings and the NTL II Settlement make it clear that the TRO Application must be denied.

In light of the foregoing, the Trustee sees no need to burden the Court with substantial briefing and argument on the TRO Application at this time and will voluntarily refrain from

---

[2] The TRO Application is not supported by one scintilla of evidence, admissible or otherwise.

2

DB03/./9294524.1

proceeding with the Foreclosure until the Court rules on the motion for approval of the NTL II Settlement or until other further order of this Court.

**II.     If Kohan's Application For Injunctive Relief Proceeds To Hearing, It Should Be Heard With Regular Notice And Should Be Denied.**

If the Court wishes to proceed to a discussion of the merits of the TRO Application for injunctive relief irrespective of the impact of the pending NTL II Settlement, the Trustee respectfully requests that the matter be set for briefing on regular notice (or on a briefing schedule to be set by the Court), to permit the Trustee to demonstrate on a complete record that Kohan cannot establish the elements for preliminary injunctive relief.  *See Guzman v. Sherry*, 552 F.3d 941, 948 (9th Cir. 2009).  In summary, the Trustee will prove the following points:

- There is no imminent threat.  The Trustee has agreed not to proceed with the Foreclosure until this Court rules on the motion for approval of the NTL II Settlement (or other further order of this Court).  As such, there is no immediate threat to any alleged right which Kohan perceives exists and denial of Kohan's request for injunctive relief cannot cause him irreparable harm.
- Even if Kohan were entitled to an equity stake in NTL and NTL II, he would only be a minority interest holder in the companies and would not be entitled to prevent the proper exercise by the Trustee of Namco's right to foreclose on the Club Rio Property.  As a purported equity holder in NTL (owner of the Club Rio Property) and NTL II (holder of an unenforceable option to buy the Club Rio Property), Kohan has no interest in the Club Rio Property itself and no right to seek in his own name to prevent the Foreclosure.  Thus, Kohan cannot succeed on the merits of this claim, in part, because he lacks standing to do so.
- Even if Kohan had standing to sue to enjoin the Foreclosure, the sole legal basis on which his application for injunctive relief rests -- the contention that Namco's loan was paid off -- is controverted by the competent evidence.  Accordingly, he has no probability of succeeding on the merits (of whatever his unasserted claims are against the Trustee) and has in fact failed to even raise a serious question.

3

- The equities also do not favor Kohan. Namco has a first priority deed of trust against the Club Rio Property. The note secured by the Club Rio Deed of Trust is in default and with accrued interest, costs and charges, the outstanding balance on the note is in excess of $4 million. The Club Rio Property is not property of the Debtors' estates. Pursuant to the NTL II Settlement, the Debtors stipulate that they have no valid or enforceable interest in the Club Rio Property. If Kohan litigates and wins, he asserts that all he is entitled to is a 27% equity interest in the entity or entities that own the Club Rio Property or the Wilde Property, which interest, if later found to exist, is junior to the Trustee's first priority deed of trust against the Club Rio Property. Accordingly, if for some reason a restraining order were to be granted, the only entity that will be irreparably harmed here will be the Namco bankruptcy estate, which will continue to be deprived of its legal right to realize the value in its collateral for the benefit of its creditors if the Foreclosure is enjoined.[3]

## III. Conclusion.

For all of the foregoing reasons, the Trustee requests that the Court either (a) deny Kohan's application for a TRO and his motion for preliminary injunction or (b) continue the hearing thereon to a date after the Court has ruled on the pending motion for approval of the NTL II Settlement and allow full briefing pursuant to regular notice or a briefing schedule to be set by the Court.

RESPECTFULLY SUBMITTED this 13th day of November, 2009.

By: /s/ Christopher Simpson
Christopher C. Simpson
STINSON MORRISON HECKER LLP
1850 N. Central Avenue, Suite 2100
Phoenix, Arizona 85004-4584
Proposed Special Counsel for Bradley D. Sharp

---

[3] It should also be noted that Kohan's TRO Application is a violation of the automatic stay in the Namco bankruptcy. Kohan clearly seeks relief against the Namco estate that impacts property of the Namco bankruptcy estate, but Kohan did not seek relief from the automatic stay in the Namco bankruptcy to bring his application here. In addition, neither Namco nor the Trustee are parties to this adversary proceeding and neither is alleged to be acting in concert with any named party in this adversary proceeding with respect to the Foreclosure, all of which raises significant standing and jurisdictional issues herein.

4

DB03/./9294524.1

COPY of the foregoing sent this November 13, 2009 to:

Larry Lee Watson
Office of the US Trustee
230 North First Avenue, Suite 204
Phoenix, AZ 85003

Michael C. McKay
Schneider Wallace Cottrell Brayton Konecky, LLP
7702 E. Doubletree Ranch Road Ste. 300
Scottsdale, AZ 85258
mmckay@schneiderwallace.com
Attorneys for Theodore Kohan; Arizona Tempe Town Lake, LLC and Business to Business Markets, Inc.

Brad Holm
Holm Wright Hyde & Hays PLC
10429 South 51st Street, Suite 285
Phoenix, AZ 85044
bholm@holmwright.com
Attorneys for Theodore Kohan; Arizona Tempe Town Lake, LLC and Business to Business Markets, Inc.

Carolyn Johnson
Jimmie W. Pursell, Jr.
Todd M. Adkins
Kerry A. Hodges
Jennings, Strouss & Salmon, PLC
The Collier Center, 11th Floor
201 East Washington Street
Phoenix, AZ 85004-2385
cjjohnsen@jsslaw.com
jpursell@jsslaw.com
tadkins@jsslaw.com
khodges@jsslaw.com
Attorneys for Namwest

PRINTED ON RECYCLED PAPER

DB03/./9294524.1

| | |
|---|---|
| 1 | Beverly Y. Lu |
| 2 | Gabriel G. Green |
|   | Reeder, Lu & Green, LLP |
| 3 | 2121 Avenue of the Stars, Suite 950 |
|   | Los Angeles, California 90067 |
| 4 | Attorneys for Namwest-Town Lakes, LLC |

7

   /s/ Anne Charles
_____

PRINTED ON
RECYCLED PAPER

DB03/./9294524.1